**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-02343-NYW

J.T.L.,[1]

    Plaintiff,

v.

FRANK BISIGNANO, Commissioner of the Social Security Administration,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff's Motion to Reopen Case Under Fed. R. Civ. P. 60(b) for an Award of Attorney Fees Pursuant to 42 USC 406(b) (the "Motion" or "Motion for Attorney's Fees"). [Doc. 22]. Plaintiff's counsel seeks $47,178.00 in attorney's fees. [*Id.* at 1]. The Commissioner has filed a Response but takes no apparent position on the Motion, asking only that the Court "direct that Plaintiff's counsel reimburse Plaintiff any fees he previously received under the Equal Access [to] Justice Act." [Doc. 23 at 2].

Plaintiff J.T.L. ("Plaintiff" or "J.T.L.") appealed to this Court for review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits and Supplemental Security Income. *See generally* [Doc. 1].[2] On

---

[1] The Local Rules of Practice for this District state that "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only." D.C.COLO.LAPR 5.2(b). Although the Court has already resolved J.T.L.'s appeal on the merits, the Court continues to use only Plaintiff's initials to identify him.

[2] Prior to initiating this case, Plaintiff filed an earlier appeal of the Commissioner's denial of benefits on July 12, 2020. [Doc. 8-10 at 921–22]. The Honorable Robert E. Blackburn

August 7, 2023, this Court entered a Memorandum Opinion and Order reversing and remanding the Commissioner's decision. *See* [Doc. 18]. On November 3, 2024, the Social Security Administration determined that Plaintiff is entitled to monthly Social Security benefits, retroactive to September 2017. [Doc. 22-14 at 1].

A motion under § 406(b) must be filed within a "reasonable time of the Commissioner's decision awarding benefits." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). Here, Plaintiff's Motion was filed on November 25, 2024, just weeks after the Social Security Administration's Notice of Award. *See* [Doc. 22]. Accordingly, the Court finds the Motion is timely. *See Shockley v. Saul*, No. 19-cv-02584-REB, 2021 WL 9217693, at *1 n.2 (D. Colo. May 18, 2021) ("The filing of a motion within three months of the Notice is routinely found acceptable.").

Under § 406, an attorney's fees award may not exceed 25% of the recovered past-due benefits and must also be "reasonable." 42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). A contingency fee agreement is the "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "In determining whether a fee amount is reasonable, courts may consider factors such as the character of the representation, the results achieved, whether the benefits recovered are large in comparison to the amount of time spent on the case, and whether the plaintiff's attorney is responsible for delay in

---

summarily reversed and remanded the decision after the Commissioner filed an unopposed motion to remand. [*Id.* at 919–20]; *see also [J.T.L.] v. Commissioner*, No. 20-cv-02029-REB (D. Colo.). Based on Judge Blackburn's order, the Appeals Council remanded the case back to the ALJ. [Doc. 8-10 at 878]. The ALJ held another hearing on November 1, 2021, [Doc. 8-9 at 840], and issued another unfavorable decision on February 7, 2022. [*Id.* at 811–33]. This case arose out of Plaintiff's appeal of that second unfavorable decision.

the proceedings." *Trujillo v. Bisignano*, No. 17-cv-01590-WJM, 2025 WL 2051737, at *1 (D. Colo. July 22, 2025) (citing *Gisbrecht*, 535 U.S. at 807–08).  A district court has "considerable discretion" in determining the reasonableness of a fee awarded under § 406.  *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010).

Plaintiff was awarded $188,712.00 in past due benefits, *see* [Doc. 22-14 at 3], though counsel represents that some portion of this amount has been withheld to pay Plaintiff's child support debt, *see* [Doc. 22 at 3–4].[3]  Accordingly, the requested fee does not exceed 25% of the past-due benefits.  But "[n]otwithstanding the terms of a contingent fee agreement, a court is obligated to consider whether the fee yielded by the agreement is reasonable." *Wallace v. Barnhart*, No. 05-cv-01613-MSK, 2008 WL 4681926, at *2 (D. Colo. Oct. 21, 2008).  Relevant here, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Plaintiff's counsel represents that he spent 14.9 total hours on the litigation in this case, [Doc. 22-6 at 2–3], and 14.8 hours on the prior litigation, [Doc. 22-3 at 2–3].  An associate attorney at the firm represents that he spent 6.2 hours on this litigation, [Doc. 22-7 at 1–2], and spent 4.4 hours on the first litigation as a paralegal, [Doc. 22-4 at 1–2].[4]  This means that a total of 35.9 attorney hours were spent litigating Plaintiff's case in federal court, and the requested fee award of $47,178.00 would amount to an hourly rate

---

[3] The Motion does not make it entirely clear to the Court how much has been withheld to pay that debt.

[4] Neither the Motion nor the associate's affidavit informs the Court how many years of experience the associate attorney has.  However, given that this associate worked as a paralegal in 2020 and 2021, the Court may infer that the associate had two or fewer years of experience when he performed his services as an attorney in 2022 and 2023.

3

of $1,314.15.  While the Court is not inclined to overly scrutinize a fee award agreed to by the Parties pursuant to a fee agreement, this hourly rate is well outside of the range that is widely considered reasonable in this District.  *See Bumgarner v. Saul*, No. 19-cv-02288-KLM, 2022 WL 1225309, at *2 (D. Colo. Apr. 26, 2022) (collecting cases).  Moreover, the Court also notes that many of the billed tasks are administrative in nature, and courts tend to be skeptical of awarding attorney's fees—especially such high fees—for administrative work.  *See* [Doc. 22-6 at 2 (billing for, inter alia, e-filing documents); Doc. 22-7 at 1 (billing 0.2 hours for reviewing, downloading, and saving the administrative record); Doc. 22-3 at 2 (billing for, inter alia, e-filing documents)].  If hours attributed to administrative tasks were disregarded, the effective hourly rate would be even higher.

The Court also considers the result obtained.  *Gisbrecht*, 535 U.S. at 807.  In the first federal case, the Parties agreed to a stipulated remand.  [Doc. 8-10 at 919–20].  And after this Court's remand of the second federal case in 2023, the ALJ entered a "partially favorable" decision, finding that Plaintiff was not disabled as of his alleged onset date of August 31, 2016, but was disabled as of March 14, 2017.  [Doc. 22-9 at 1, 5–6].  The Court also observes that Plaintiff's appeal spent a significant amount of time at the administrative level, which likely "contributed significantly to the unusually large award of back benefits."  *Gordon*, 361 F. App'x at 936 (quotation omitted); *see, e.g.*, [Doc. 8-4 at 106 (the initial denial of benefits on October 6, 2017); Doc. 8-2 at 32 (the ALJ entering her original unfavorable decision on October 9, 2019); Doc. 8-10 at 919–20 (order remanding case dated March 19, 2021); Doc. 8-9 at 833 (the second unfavorable decision dated February 7, 2022)].

Taking into account the fact that the administrative delays in this case contributed to an unusually large past-due benefits award, the large discrepancy between that award and the hours spent on this case by counsel, and the result reached, the Court finds that a downward adjustment of the requested fee is appropriate. *Gisbrecht*, 535 U.S. at 808. Plaintiff's counsel states that the hours spent on this case "are compensable at $253.16 per hour." [Doc. 22-6 at 3]. The associate's affidavit does not contain this same information, *see* [Doc. 22-7], so the Court relies on the rate provided in primary counsel's affidavit. Accounting for the risks involved in Plaintiff's representation in this contingency case, the fact that counsel represented Plaintiff in federal court on two separate occasions, and the results achieved, the Court finds that applying a 2.8 multiplier on this hourly rate is appropriate.[5] This multiplier leads to an hourly rate of $708.85 per hour, and applying this rate to the 35.9 attorney hours expended on this case results in a fee award of $25,447.64[6]—an amount much higher than the fees typically awarded in similar

---

[5] Other district courts in the Tenth Circuit have applied similar multipliers when reducing the amount of fees requested under § 406. *See, e.g.*, *Smith v. O'Malley*, No. 5:18-cv-00705-D, 2024 WL 5191376, at *1 (W.D. Okla. Dec. 20, 2024) ("A multiplier of 2.5 is . . . appropriate to encourage practitioners to take such cases and to provide for actions that are not successful."); *Shane v. Saul*, No. 19-cv-00989-SM, 2021 WL 9553821, at *2 (W.D. Okla. Mar. 22, 2021) (applying 2.5 multiplier); *Martha C. v. Kijakazi*, No. 21-cv-01043-JAR, 2023 WL 6441867, at *2 n.10 (D. Kan. Oct. 3, 2023) (applying a 2.8 multiplier because "[t]o make up for the risk of loss, counsel would need to charge a winning client an amount 2.8 times the fee the attorney would have charged a client paying on a non-contingent basis"); *D.Z. v. Kijakazi*, No. 18-cv-01191-SAC, 2021 WL 4284554, at *4 (D. Kan. Sept. 21, 2021) (recognizing that "the 2.8 multiplier is a quantifiable way of accounting for the contingent nature of fee arrangements required in Social Security disability cases and for the risk of loss involved in this field of practice," but cautioning against "a blanket application of the multiplier").

[6] Plaintiff's counsel provides no information to the Court about the reasonable billable rate for the 4.4 hours of paralegal work billed in the first litigation. *See* [Doc. 22]. Therefore, the Court is without sufficient information to determine an appropriate compensable rate for those hours. However, in light of all of the factors discussed above, the Court finds

5

cases. *See, e.g.*, *Adams v. Colvin*, No. 21-cv-00892-REB, 2025 WL 1805446, at *2 (D. Colo. Jan. 7, 2025) (awarding $12,293.50 for 45.5 hours worked); *Bumgarner*, 2022 WL 1225309, at *2 (awarding $16,486.80 for 27 hours worked); *Day v. Saul*, No. 19-cv-03070-REB, 2021 WL 9316347, at *2 (D. Colo. Mar. 3, 2021) (awarding $16,756.65 for 28 hours worked); *Walker v. Saul*, No. 16-cv-00703-D, 2019 WL 3323512, at *1 (W.D. Okla. July 24, 2019) (reducing $34,007.38 requested award to $15,601.25 for 35.05 hours of legal services). *But see Trujillo*, 2025 WL 2051737, at *1 (finding requested $25,210 fee reasonable for 18 hours worked in light of counsel's experience and the results obtained).

Accordingly, it is **ORDERED** that:

(1) Plaintiff's Motion to Reopen Case Under Fed. R. Civ. P. 60(b) for an Award of Attorney Fees Pursuant to 42 USC 406(b) [Doc. 22] is **GRANTED in part** and **DENIED in part**; and

(2) Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel is awarded $25,447.64 in attorney's fees.[7]

DATED: October 6, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge

---

that the $25,447.64 award adequately accounts for the 4.4 hours of paralegal hours billed in the first litigation.

[7] The Court previously awarded $5,341.67 in EAJA fees. *See* [Doc. 21]. The EAJA requires that funds awarded under the statute be refunded to the claimant once § 406 fees are paid. *See Gisbrecht*, 535 U.S. at 796. However, Plaintiff's counsel represents that the EAJA fees awarded were never paid to counsel because those amounts were instead applied to Plaintiff's child support debt. *See* [Doc. 22 at 2].